# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Case No. 3:95cr00051-1 |
| | ) | |
| v. | ) | 2255 MEMORANDUM OPINION |
| | ) | |
| **DAMIEN NELSON.** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Petitioner, Damien Nelson, a federal inmate proceeding *pro se*, has filed a motion (Docket No. 280) seeking a sentence reduction under United States Sentencing Guidelines §5G1.3(b). Because Nelson is challenging the his underlying criminal sentence, the court construes his filing as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] However, court records indicate that Nelson has previously filed a § 2255 motion which the court dismissed as untimely filed. Therefore, the court finds that this action must be dismissed without prejudice as a successive.

## I.

On July 22, 2010, Nelson filed a "Petition for Redress of Grievances Under the First Amendment of the United States Constitution" which the court construed as a motion pursuant to § 2255. The court advised Nelson of the court's intention to construe his filing as a § 2255 motion pursuant to Castro v. United States, 540 U.S. 375 (2003), and gave Nelson the opportunity to object to the court's intended construction. At the same time, the court advised Nelson that his motion appeared to be untimely filed and gave him the opportunity to file any

---

[1] While Nelson's motion at first glance appears to be more appropriately a challenge to the execution of his sentence in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, his claim under U.S.S.G. § 5G1.3 is actually not appropriate in a § 2241 petition. "A challenge under the sentencing guidelines goes to an error allegedly committed by the sentencing court, as opposed to BOP in its implementation of a sentence, and is thus inappropriate for a § 2241 petition." Hasan v. Sniezek, 379 F. App'x 232, 235 (3d Cir. May 10, 2010); see also Roth v. Young, 270 F. App'x 322 (5th Cir. Mar. 18, 2008) ("Whether the district court should have reduced his sentence pursuant to § 5G1.3(b) is an issue that challenges the correctness of the [petitioner's] sentence; therefore, [petitioner] is not entitled to proceed under § 2241."). Accordingly, the court finds that his motion is more appropriately construed as a § 2255 motion.

additional information concerning the timeliness of his motion. Nelson did not object to the court's construction and did not respond regarding the issue of timeliness within the time allotted. Accordingly, the court dismissed Nelson § 2255 motion as untimely filed.

## II.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As Nelson has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court must dismiss his petition as successive.[2]

## III.

For the reasons stated, the court dismisses Nelson's § 2255 motion without prejudice as successive.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

**ENTER**: This 27th day of August, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner is once again advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.